**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNTED STATES OF AMERICA
Plaintiff

                                                                                           17-038(PG)

    Vs.

ISIDRO SUAREZ-REYES
Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BRIEF SENTENCING MEMORANDUM TO MOVE THE COURT FOR A LENIENT SENTENCE**

**TO THE HONORABLE COURT:**

    Comes before this Court defendant Isidro Suarez-Reyes, a 51 years old person Dominican citizen who was arrested on January 20, 2019 and charged of violating Title 8 U.S.C. §§1326(a) and 1326(b)(2), Reentry of Removed Aliens.

    Defendant was interviewed by US Probation Officer Andrés E. Narváez on May 19, 2017 with the undersigned consent and from that interview a report was prepared in which at paragraph 15 of said report states that "At the time, defendant accepted responsibility...expressed **remorse for his actions** and acknowledged making a tremendous mistake. He stated being repentant because he lost his freedom and is away from his family" " He regrets the burden this situation places on his family as they all depend on him financially" **Stressed that he will not attempt to return to the United States illegally in the future.**

Although because of a prior conviction[1] which have the effect of a 3 points increase in his Criminal History. which have the effect of increasing his Criminal History Level to III, it is our contention that the defendant's Criminal History Overrepresents seriousness of past criminal conduct or overstates his Propensity to commit crimes.

Mr. Suarez-Reyes have a long history of gainful employment and desire to improve his well being and those of his family members. Presentence Investigation Report prepared for this case points out from paragraph 39 through 47 defendant's desire to excel in his undertakings.

He lived in Puerto Rico for over 12 years and was gainfully employed as an electrician by several commercial and touristic companies, such as Holiday Inn, Louis Vuitton and Grand Melia Hotel.[2] Today, as soon as he is deported to his native Dominican Republic, he will be able to work at the Punta Cana-Bavaro hotels as an electrician.

Having studied opera and music, defendant is moved to New York and was able to record music videos in an attempt to further his opportunities.

Having lived and worked in Puerto Rico for over 12, Mr. Suarez-Reyes committed the mistake of trying to return to where he was successful in his endeavors as an electrician and tried to reenter to Puerto Rico. This indictment should be construed and seen as such.

Defendant's plans after serving his term for this conviction is to obtain employment in the Dominican Republic and provide his family the best quality of live possible. He have an excellent relationship with all of his family members who have remained supportive, though saddened for his situation.

---

[1] Cr. No. 13-070(JBA) at USDC-CT for Violation of 21 USC §843(b)-Use of a Telephone to facilitate a Drug Trafficking Offense.

[2] The undersigned, in preparation for defendant's sentencing hearing called one of the persons for whom he provided his services as electrician, Mr. Santiago Villar, but was unable to coordinate because of health issues. Mr. Villar passed away recently.

It's important to bring out that this conviction, or priors of Mr. Suarez-Reyes have not been related to violent crimes nor to weapons law violations.  **Defendant's propensity to commit crimes is low.**

The cost to taxpayers of a lengthy incarceration of defendant that will be automatically deported after serving his sentence should be taken into consideration also at the time of imposing sentence.

It is our contention that the fundamental governing consideration for the Court in sentencing is the directive of Congress the the Court "shall impose a sentence **sufficient, but not greater than necessary** to comply with the purpose of sentencing.  "The district courts must calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence base on 18 USC §3553(a) **without any thumb on the scale favoring a guideline sentence.**[3]

In the instant case a straight plea was entered.  Nonetheless, taking into consideration the guideline calculations included in the Presentence Investigation Report, the Total Offense Level should be 12.  With a CHC of III, the range in months of imprisonment is 15-21.  This brief memo is geared to move the Court to be lenient in the imposition of sentence and that a realistic and reasonable sentence that would be sufficient but not greater that necessary to satisfy the purpose of sentencing should be a sentence in the lower end of TOL 12 with CHC II plus 1 day.

---

[3] US v. Sachsenmaierm, 491 F.3d 680 (7th Circuit 2007)

A sentence must be just taking into consideration that mercy and compassion are an integral part of justice.

We want to remind the Court that "sentencing is a difficult art [and it] it easy to make mechanical. Fashioning a just sentence cannot be reduced to a mere arithmetical exercise [and that] reliance solely on numbers, quantities, offense level, criminal history categories and matrices produces an illusory precision that obscures the fact that sentencing, in the end, must involve the exercise of *judgment*"[4]

It is the sole purpose of this brief memo to move the Court to sentence defendant to the lower end of the guideline, but in a CHC of II after considering the above stated factors that may justify a downward "variance". This is a sentence to be imposed to a 51 years old person who will be out of of the jurisdiction upon serving his imprisonment time.

**RESPECTFULLY SUBMITTED**, in San Juan, PR, this 12th day of July, 2017.

**I HEREBY CERTIFY**, that on this date I have filed a copy of this document through the court's EM/ECF electronic filing system which will notify all parties of record.

/s/*Rubén Cerezo-Hernández*
RUBEN CEREZO-HERNANDEZ
USDC # 204110
PO BOX 190912
San Juan, PR. 00919-0912
Tel. (787)282.0646/Fax (787)282.7620
E-mail: ruben@cerezolaw.com

---

[4] US v. Blhieri, 356 F. Supp. 2d 589 (E.D. Va. 2005)