```
1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
2

3

    UNITED STATES OF AMERICA,    )
4                                )
              Plaintiff,         )
5   vs.                          )  Case No:  17-CR-038 (PG)
                                 )
6   ISIDRO SUAREZ-REYES,         )
                                 )
7             Defendant.         )

8
    _____
9

              TRANSCRIPT OF SENTENCING HEARING
10                       HELD BEFORE
        THE HONORABLE JUDGE JUAN M. PEREZ-GIMENEZ
11              Friday, July 14, 2017

12
    _____
13

14
                    A P P E A R A N C E S
15

16
    For the United States:
17
          Ms. Cristina Caraballo, AUSA
18

19
    For the Defendant:
20
          Mr. Ruben Cerezo, ESQ.
21

22

23

24

25
```

(PROCEEDINGS COMMENCED AT 11:11 A.M.)

DEPUTY CLERK: Criminal Case 17-38, United States of America versus Isidro Suarez-Reyes. Case called for sentence. On behalf of the Government, Assistant U.S. Attorney Cristina Caraballo. On behalf of the defendant, Ruben Cerezo. Just a second.

MS. CARABALLO: Good morning, Your Honor.

MR. CEREZO: Good morning, Your Honor. Ruben Cerezo on behalf of the defendant. We are ready to proceed.

MS. CARABALLO: The United States is also ready to proceed.

MR. CEREZO: We are ready, Your Honor.

THE COURT: All right. The matter is before the Court this morning for sentence. Counsel, have you read the presentence report?

MR. CEREZO: Yes, Your Honor, we have read it and we are in agreement.

THE COURT: And have you discussed the contents of the report with your client?

MR. CEREZO: Yes, Your Honor.

THE COURT: Mr. Suarez, did your attorney explain to you the information that is contained in the presentence report?

THE DEFENDANT: Yes, Your Honor.

1      THE COURT:  And is there any information or any
2 facts in that report that need to be corrected at this time?
3      MR. CEREZO:  Not that I have seen.  We filed a
4 brief sentencing memorandum.
5      THE COURT:  I know.  I read it.
6      Mr. Sanchez, any corrections or amendments to any
7 of the information contained in the presentence report?
8      THE DEFENDANT:  No, Your Honor.
9      THE COURT:  Any from the Government?
10     MS. CARABALLO:  Yes, Your Honor.  We have examined
11 the documents in the docket, and we agree with the
12 calculations as contained in the presentence report.
13     THE COURT:  So there is no objection?
14     MS. CARABALLO:  There's no objection.
15     THE COURT:  Counsel, is there anything you would
16 like to state to the Court on behalf of your client before I
17 pronounce sentence?
18     MR. CEREZO:  We filed a brief sentencing
19 memorandum.  If we address the Court, we will be repeating
20 what has been in front of the Court.  We just would like --
21 request leniency and at sentencing take into consideration
22 that maybe his predisposition to commit crimes is low,
23 taking into consideration the time that he spent in Puerto
24 Rico for over 12 years, being gainfully employed in very
25 particular places, and never had any problem besides drunk

1   driving.  And he is looking forward to go to his family that
2   needs him badly.  He has already the capacity to be
3   gainfully employed in the hotel industry as an electrician
4   in the Punta Cana and Bavaro area.
5            THE COURT:  Thank you.  Mr. Suarez, do you care to
6   state anything at this time?
7            THE DEFENDANT:  If you allow me to, yes, sir.
8            THE COURT:  Go ahead.
9            THE DEFENDANT:  Yes.  I would like to tell you
10  first of all that I am very -- I feel very ashamed for being
11  here before you today.  I am very embarrassed by all of
12  this.  I am not the type of person to be in this type of
13  situation, and I feel very ashamed.
14           For over 12 years, I have worked with many, many
15  people, good Puerto Rican people, including Santiago Villar,
16  who I found out recently was deceased, with the Cartier
17  jewelry store, with Louis Vuitton, with the Callen family,
18  the owners of the Holiday Inn Hotels, who I worked with
19  personally, and I can't even think what they would say if
20  they saw me here.  I also worked at the medical center.  I
21  worked at San Lucas in Ponce.
22           I feel very ashamed for all of this.  I have
23  worked so hard to support my family.  My mother who has
24  diabetes, I help her with her medications.  My father as
25  well.  I know that my family is being affected by all of

1   this, and they have had -- I have even known that they have
2   had to go to bed without dinner because I am not there,
3   because of my absence.  I am the one who would help them
4   with their food and medications.  And being here, I can't
5   provide for them or help them in any way.  And that would be
6   all.  Thank you.
7           THE COURT:  Thank you.  Anything from the
8   Government?
9           MS. CARABALLO:  Yes, Your Honor.  For this hearing
10  we have examined the documents in the docket, and especially
11  the presentence report, and we very respectfully would like
12  to submit to the Court that although the defense is
13  requesting leniency below the recommended total offense
14  level, we understand that a sentence within the total
15  offense level recommended between 15 and 20 months is more
16  than adequate.
17          We understand what Mr. Suarez indicates about how
18  his family needs him, however, coming illegally to this
19  country was not going to help them either.  So we understand
20  that a sentence of at least 15 months is adequate, Your
21  Honor.  Submitted.
22          THE COURT:  Thank you.  On March 16, 2017,
23  Mr. Isidro Suarez-Reyes pled guilty to the only count of the
24  indictment in Criminal 17-038, charging him with violating
25  Title 8 United States Code Section 1326(a) and (b)(2), a

Class C felony. The November 1, 2016 edition of the United States Sentencing Guideline has been used by the Court to apply the now advisory guideline calculations.

The guideline for Title 8 Section 1326(a) is found in Guideline 2L1.2. That section provides that an offense involving the unlawful entry, re-entry or remaining of a removed alien has a base offense level of 8 pursuant to Guideline 2L1.2(a).

Since the defendant after ordered removed from the United States for the first time engaged in criminal conduct that resulted in a conviction for a felony offense for which sentence imposed exceeded one year -- it was 18 months -- a six-level increase is applied pursuant to Guideline 2L1.2(b)(3)(C).

Since the defendant has accepted responsibility for the offense conduct, a three-level decrease is warranted pursuant to Guideline 3E1.1(a) and (b). There are no other applicable guideline adjustments.

Based on a total offense level of 12 and a criminal history category of III, the guideline imprisonment range for this offense is from 15 to 21 months, with a fine range of 5,500 to 55,000, plus a supervised release term of at least one but not more than three years.

The Court has reviewed the advisory guideline calculations and finds that the presentence investigation

1  report has adequately applied the guideline computations.
2  The guideline computations satisfactorily reflect the
3  components of this offense by considering its nature and
4  circumstances.  Furthermore, the Court has considered the
5  other sentencing factors as set forth in 18 U.S.C. 3553(a).
6          Mr. Suarez-Reyes is a 51-year-old Dominican
7  citizen, a resident of San Francisco de Macoris, Dominican
8  Republic.  He has four dependents.  He completed the
9  equivalent of high school in his native country.  He has
10 earned a living as an electrician and as a vocalist.  He
11 suffers from high blood pressure and is recovering from a
12 kidney infection.  There is no known history of emotional
13 and/or psychological problems within his background.
14 Further, Mr. Suarez-Reyes has no known history of drug abuse
15 or abuse of substance and yielded negative to all drug tests
16 during the pre-bail interview.  Notwithstanding, this is
17 Mr. Suarez-Reyes' fourth known arrest and third conviction.
18          The Court has taken into consideration all of the
19 Title 18 United States Code Section 3553 factors, the
20 elements of the offense, Mr. Suarez-Reyes' participation in
21 the same, the need to promote respect for the law and
22 protect the public from further crimes by this defendant, as
23 well as address the issues of deterrence and punishment.
24          The Court deems that a sentence at the upper end
25 of the guideline range is a sentence that is just and not

greater than necessary.  Therefore, it is the judgment of this Court that Mr. Isidro Suarez-Reyes is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months.

Upon release from confinement, you shall be placed on supervised release for a term of three years under the following conditions:  You shall not commit another federal, state or local crime, and observe the standard conditions of supervised release recommended by the Sentencing Commission, adopted by this Court.  You shall not unlawfully possess controlled substances, and refrain from possessing firearms, destructive devices or other dangerous weapons.

At the completion of the defendant's term of imprisonment, he shall be surrendered to the custody of U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act.  If deported or granted voluntary departure, the defendant shall remain outside of the United States and all places subject to its jurisdiction unless prior written permission to re-enter is obtained from the pertinent legal authorities and the defendant notifies in writing the probation officer of this Court to that effect.

He shall cooperate in the collection of a DNA sample as directed by the probation officer pursuant to the revised DNA collection requirements and 18 U.S.C.

```
 1   3563(a)(9).
 2              The Court finds that the conditions imposed are
 3   reasonably related to the offense of conviction and to the
 4   sentencing factors set forth in 18 U.S.C. 3553.  Further,
 5   the Court finds that the conditions imposed are consistent
 6   with the pertinent policy statements issued by the
 7   Sentencing Commission pursuant to Title 28 United States
 8   Code Section 994(a) and that there is no greater deprivation
 9   of liberty than what is reasonably necessary to fulfill all
10   the sentencing objectives, including rehabilitation,
11   positive reintegration to the community, just punishment and
12   deterrence.
13              Having considered Mr. Suarez-Reyes' financial
14   condition, a fine is not imposed.  Special monetary
15   assessment in the amount of $100 is imposed as required by
16   law.
17              And I advise you that you have a right to appeal
18   your conviction and sentence if you feel that the same was
19   imposed in violation of the law as a result of an incorrect
20   application of the sentencing guidelines or that it was
21   unreasonable.  Any notice of appeal must be filed here in
22   the District Court within 14 days after the judgment is
23   entered.  And if you wish to appeal and you cannot pay for
24   the cost of the appeal, you may apply for leave to appeal in
25   forma pauperis.  You are being represented by counsel, so if
```

1  you decide to appeal, Mr. Cerezo will continue representing
2  you until and if he is released from his appointment by the
3  Court and a new attorney is appointed to represent
4  Mr. Suarez.
5           Anything else, Counsel?
6           MR. CEREZO:  Nothing, Your Honor.
7           MS. CARABALLO:  Nothing further from the
8  Government.
9           THE COURT:  Thank you.  You may withdraw.
10          (PROCEEDINGS ADJOURNED AT 11:29 A.M.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
UNITED STATES DISTRICT COURT )
                             )  ss.
OF PUERTO RICO               )
```

**REPORTER'S CERTIFICATE**

I, LISA O'BRIEN, do hereby certify that the above and foregoing, consisting of the preceding 10 pages, constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 16th day of January, 2018.

                S/Lisa O'Brien
                Lisa O'Brien
                USDC Court Reporter