# United States Court of Appeals
## For the First Circuit

No. 17-1849

UNITED STATES OF AMERICA,

Appellee,

v.

ISIDRO SUAREZ-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Selya, and Kayatta,
Circuit Judges.

Maria Soledad Ramirez Becerra and Maria Soledad Ramirez Becerra Law Office on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and B. Kathryn Debrason, Assistant United States Attorney, on brief for appellee.

December 14, 2018

**SELYA**, **Circuit Judge**.  "It is true, in federal appellate practice as in nature, that '[t]o every thing there is a season, and a time to every purpose.'"  Fiscichelli v. City Known as Town of Methuen, 884 F.2d 17, 17 (1st Cir. 1989) (alteration in original) (quoting Ecclesiastes 3:1).  We are reminded of this truism where, as here, defendant-appellant Isidro Suarez-Reyes already has completed serving the custodial sentence that he attempts to challenge on appeal.  In such circumstances, the time and season for such a challenge has passed.  Concluding as we do, that no live controversy remains, we summarily dismiss the appeal as moot.

A sketch of the facts and travel of the case suffices to lend perspective.  On January 20, 2017, the United States Coast Guard intercepted a vessel en route to the United States, which was carrying thirty undocumented individuals from Haiti and the Dominican Republic (including the defendant). During an interview with Border Patrol agents, the defendant — who previously had been removed from the United States following service of an eighteen-month term of immurement for using a telephone to facilitate a drug-trafficking offense, see 21 U.S.C. § 843(b) — admitted that he was a citizen of the Dominican Republic and that he did not have documents authorizing his entry into the United States.  Consequently, the defendant was detained.

Within a week, a federal grand jury sitting in the District of Puerto Rico handed up an indictment that charged the defendant with unlawfully attempting to enter the United States after being removed therefrom following an aggravated felony conviction. See 8 U.S.C. § 1326(a), (b)(2). Subsequent to the defendant's entry of a guilty plea, the district court imposed a twenty-one month custodial sentence, to be capped by three years of supervised release.

In July of 2017, the defendant timely appealed his custodial sentence.[1] His appeal was still pending on July 30, 2018, when (having received credit for time served in pretrial detention and good-time credits during his incarceration) he completed his custodial term and began serving his term of supervised release.

Meanwhile, the appeal went forward. Appointed in mid-September of 2017, the defendant's counsel did not move to expedite the appeal, see 1st Cir. I.O.P. VII.B, despite the brevity of the defendant's custodial sentence. Nor is there any indication that counsel sought expedited preparation of the short transcript. Instead, counsel successfully moved — twice — to extend the briefing deadline by a total of five weeks. When filed in April

---

[1] Although the notice of appeal was not docketed until August 2, 2017, the envelope in which it was mailed was postmarked July 28, 2017, thus rendering the appeal timely. See Fed. R. App. P. 4(c)(1).

of 2017, the defendant's principal brief challenged only a series of alleged errors related to the length of his custodial sentence. That brief did not challenge either the defendant's underlying conviction or any aspect of his term of supervised release.

The government, without any meaningful opposition, then sought and obtained three separate extensions of its briefing deadline (for a total of approximately three months). On July 31, 2018 — the day after the defendant was released from custody — the government tendered its brief. In that brief, the government not only replied to the challenges raised to the defendant's custodial sentence but also asserted that the defendant's release from prison rendered his appeal moot. The defendant neither filed a reply brief nor responded in any other way to the government's mootness argument.

We have noted before that, in some circumstances, "silence speaks volumes." SEC v. Tambone, 597 F.3d 436, 450 (1st Cir. 2010) (en banc). So it is here: there appears to be no satisfactory answer to the mootness argument. We explain briefly.

A federal court's jurisdiction is constitutionally limited to the resolution of actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. In instances "where a court cannot provide effectual relief, no justiciable case remains and the court must dismiss the appeal as moot." Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993). This principle extends

to cases — like this one — in which "an appeal, although live when taken, [has been] rendered moot by subsequent developments." CMM Cable Rep., Inc. v. Ocean Coast Props., Inc., 48 F.3d 618, 621 (1st Cir. 1995).

When the defendant filed his notice of appeal, he was still serving his prison sentence. A challenge to that sentence therefore presented a live controversy. But the passage of time has reshaped the contours of the case: he has since been released from prison, and "[t]he []incarceration that he incurred . . . is now over, and cannot be undone." Spencer v. Kemna, 523 U.S. 1, 8 (1998). Because the defendant's custodial sentence has expired, some particularized and continuing injury (other than the now-ended sentence) would have to exist in order to breathe life into the defendant's appeal. See id. at 7. Here, however, the defendant does not profess to have suffered any collateral consequences attributable to the alleged sentencing errors. Vacating the defendant's custodial sentence would, therefore, be an empty exercise. That sentence has been fully served and there is no way to turn back the clock. Of course, the defendant remains on supervised release, and a determination that a defendant served too long a period of imprisonment might warrant an equitable reduction in the length of his supervised release. See United States v. Johnson, 529 U.S. 53, 60 (2000); United States v. Carter, 860 F.3d 39, 43 (1st Cir. 2017). But (perhaps because he is now

in custody awaiting deportation), the defendant makes no argument to this effect. It follows inexorably — as night follows day — that the defendant no longer has a legally cognizable interest in the outcome of his appeal. Consequently, his appeal is moot. See Spencer, 523 U.S. at 14-18 (declaring moot defendant's challenge to allegedly erroneous parole revocation when defendant already had completed term of imprisonment); United States v. Mazzillo, 373 F.3d 181, 182 (1st Cir. 2004) (per curiam) (finding defendant's appeal from order revoking supervised release moot because prison sentence had been served in full); see also United States v. Lewis, 166 F. App'x 193, 195 (6th Cir. 2006) (deeming defendant's appeal moot where "no meaningful relief" with respect to defendant's custodial sentence was available "because the sentence ha[d] already been served").

We need go no further. When, as in this case, an appeal, even if successful, would not pave the way for any effectual relief, the appeal is moot. Hence, we summarily dismiss the defendant's appeal and leave intact the judgment of the district court.

**Dismissed**. See 1st Cir. R. 27.0(c).